AO 106 (Rev. 04/10)  Application for a Search Warrant

AUTHORIZED AND APPROVED/DATE: s/ Stephen C. Hoch 10/25/24

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

In the Matter of the Search of

*(Briefly describe the property to be searched
or identify the person by name and address)*

A GREEN APPLE IPHONE 12, IMEI: 352023219643976

)
)
)
)
)
)

Case No. M-24- 815 -STE

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the          Western          District of          Oklahoma          , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Drug Conspiracy |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of          days (give exact ending date if more than 30 days:          ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

DEA TFO Cecil William Nave, Jr.

*Printed name and title*

Sworn to before me and signed in my presence.

Date:    **Oct 29, 2024**

*Judge's signature*

City and state:  Oklahoma City, Oklahoma

Shon T. Erwin, U.S. Magistrate Judge

*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

|                                                                                          |                             |
| ---------------------------------------------------------------------------------------- | --------------------------- |
| **IN THE MATTER OF THE SEARCH OF A GREEN APPLE IPHONE 12, IMEI: 352023219643976**         | **Case No. M-24-    -STE**   |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Cecil William Nave, Jr., Task Force Officer with the Drug Enforcement Administration, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property, an electronic device identified below and in **Attachment A**, which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in **Attachment B**, which constitutes evidence of a violation of 21 U.S.C. § 846.

2.      I am a federal law enforcement officer as defined under Federal Rule of Criminal Procedure 41(a)(2)(C) and am authorized to request this search warrant because I am a government agent who is engaged in enforcing federal criminal laws and I am within the category of officers authorized by the Attorney General to request such a warrant.

3.    I am a Task Force Officer with the Drug Enforcement Administration (DEA), currently assigned to the Oklahoma City, Oklahoma District Office. As such, I am an investigative or law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered of the United States authorized to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

4.    I have been involved in a wide variety of investigative matters, including the unlawful importation and distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. I began my career in law enforcement in 2009 as a sheriff's deputy in Jasper County, Missouri, where I worked for approximately six years. During that period, I worked closely with the Southwest Missouri Drug Task Force. In January 2015, I was hired by the Oklahoma City Police Department, where I remain employed as a detective within the Major Violators Unit. In January 2024, I was assigned to the DEA Oklahoma City Office as a Task Force Officer.

5.    As part of my duties as a Task Force Officer, I investigate criminal violations relating to trafficking in illegal narcotics. As a result of my training and experience, including information provided by other federal agents with applicable knowledge, I am familiar with the tactics, methods, and techniques used by drug traffickers. I have conducted numerous investigations involving

2

the use of the Internet, email, and social media to further criminal activity. I have participated in the execution of multiple federal search warrants targeting various types of evidence and property. In light of my training and experience, I know the following:

a.  I am aware that drug couriers, and people associated with drug trafficking organizations (DTOs), often use electronic devices, including computers, tablets, cellular phones, and other electronic storage devices, to communicate and execute electronic transactions which can, in turn, create automatic records and documentation of the transactions;

b.  I am aware that it is particularly common for individuals engaged in the sale and distribution of illegal drugs to use electronic devices to track and document financial transactions;

c.  I am aware that individuals engaged in drug trafficking will often maintain more than one cell phone or electronic device, and that they will frequently keep contact information and other evidence of their financial dealings with DTOs on cellular phones, computers, tablets, and other storage devices, and that they often keep such electronic devices on or near their person.

d.  I am aware that drug traffickers use their cellular phones and other electronic devices to execute financial transactions through

3

banks, financial institutions, and peer-to-peer mobile payment platforms in furtherance of their drug trafficking.

6.     The facts set forth in this affidavit are based upon my personal observations, my training and experience, reports provided to me by other law enforcement officers, and statements made by witnesses and other concerned parties.  Since this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, I have not included each and every fact known to me concerning this investigation.

7.     I am submitting this Affidavit in support of a search warrant authorizing a search of a green Apple iPhone 12, IMEI: 352023219643976 (**Target Cell Phone**). The **Target Cell Phone** is located at the DEA Oklahoma City District Office, located at 901 NE 122nd Street, Oklahoma City, Oklahoma 73114, as further described in **Attachment A**, which is incorporated into this Affidavit by reference. I am submitting this Affidavit in support of a search warrant, which would authorize the forensic examination of the **Target Cell Phone** for the purpose of identifying electronically stored data that is particularly described in **Attachment B**, which constitutes evidence of a violation of 21 U.S.C. § 846. The requested warrant would also authorize the seizure of the items and information specified in **Attachment B**.

8.     Based on my training and experience, and the facts set forth in this Affidavit, there is probable cause to believe that a violation of 21 U.S.C. § 846

4

has been committed by **Shaive WILLIS** and others. There is also probable cause to search the property described in **Attachment A** for evidence of these crimes, as described in **Attachment B.**

9.   Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

## **PROBABLE CAUSE**

11.   Since June 2022, DEA personnel, with the assistance of Homeland Security Investigations (HSI) and Oklahoma Bureau of Narcotics (OBN), among others, have been investigating a drug-trafficking organization known as the Smith DTO. The Smith DTO was operated by Marielle Smith (Smith), who was incarcerated within the Oklahoma Department of Corrections (DOC) before being arrested on October 16, 2024, pursuant to a federal indictment. Due to his incarceration, Smith necessarily used contraband cellphones—several of which have been seized and reviewed by law enforcement—to direct the acquisition of controlled substances, including methamphetamine,

fentanyl, and cocaine, and the subsequent distribution of those controlled substances throughout the Western District of Oklahoma and elsewhere. Smith necessarily utilized non-incarcerated coconspirators to carry out the day-to-day operations of the Smith DTO.

12.     Law enforcement intercepted and seized drugs from several members of the Smith DTO after the drugs were acquired in California or Arizona. As a result of these seizures, numerous coconspirators associated with the Smith DTO have been either arrested, interviewed, or both interviewed and arrested. Based on those interviews, information received from confidential sources, and review of Smith's phone data, law enforcement has identified several members of the Smith DTO, including **WILLIS**, who helped distribute, or possessed with intent to distribute, controlled substances on behalf of the Smith DTO. As a result of this investigation, a federal grand jury returned a one-count indictment on October 1, 2024, charging **WILLIS**, Smith, and fourteen other coconspirators with a drug conspiracy in violation of 21 U.S.C. § 846.

10.     **WILLIS** was arrested pursuant to the above-referenced indictment on October 24, 2024. During his arrest, law enforcement recovered the **Target Cell Phone** from **WILLIS's** person.

11.     The **Target Cell Phone** has remained in law enforcement custody since October 24, 2024, and is currently stored at the DEA Oklahoma City

6

District Office, located at 901 NE 122nd Street, Oklahoma City, Oklahoma 73114. The **Target Cell Phone** has been stored and secured such that its contents, to the extent material to this investigation, are in substantially the same state as the time the **Target Cell Phone** was seized.

12.    Based on my training and experience, I am aware that individuals involved in trafficking illegal drugs often use cellular phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal drugs. Such cellular phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug-trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos.

13.    Based on my training and experience, I know that individuals involved in trafficking illegal drugs often take and store photographs of controlled substances and the proceeds of drug sales, and usually take and store these photographs using their cellular phones. I also know from my training and experience that evidence of financial transactions conducted in furtherance of drug trafficking will often be found on a suspect's cellular phone.

14.    Based on my training and experience, I know that electronic devices, such as the **Target Cell Phone**, can store information for long periods of time, even years. Similarly, things that have been viewed via the Internet

7

are typically stored for some period of time on the electronic device. This information can sometimes be recovered months or years later using readily available forensic tools. This is true even if the user of the electronic device deleted the file. This is so because when a person "deletes" a file on a computer or electronic device, the data contained in the file does not actually disappear; rather, the data remains on the storage medium until it is overwritten by new data.

## AUTHORIZATION REQUEST

15.     Based on the above information, there is probable cause to believe that a violation of 21 U.S.C. § 846 has occurred, and that evidence of this offense is located on the **Target Cell Phone**. Therefore, I respectfully request that this Court issue a search warrant for the **Target Cell Phone**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

16.     Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Target Cell Phone** consistent with the warrant. The examination may require law enforcement to employ techniques including, but not limited to, computer-assisted scans of the entire medium, which might expose many parts of the **Target Cell Phone** to human inspection in order to determine whether it is evidence described by the warrant.

8

17.   Because the warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

Respectfully submitted,

Cecil W. Nave, Jr.
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me on this 29th day of October, 2024.

Shon T. Erwin
United States Magistrate Judge

9

## <u>ATTACHMENT A</u>

The property to be searched is described as a green Apple iPhone 12, IMEI: 352023219643976 (**Target Cell Phone**). The **Target Cell Phone** is currently in located in secure evidence storage at the DEA Oklahoma City District Office, located at 901 NE 122nd Street, Oklahoma City, Oklahoma 73114. This warrant authorizes the forensic examination of the **Target Cell Phone** for the purpose of identifying the electronically stored information described in **Attachment B**. The **Target Cell Phone** is pictured below.



## ATTACHMENT B

1.    All records on the **Target Cell Phone**, described in **Attachment A,** that relate to a violation of 21 U.S.C. § 846 involving **Shaive WILLIS**, including, but not limited to:

    a. lists of customers and co-conspirators and related identifying information;

    b. communications and evidence of communications including, but not limited to, call logs, voicemails, text messages, multimedia messages, emails, and messages sent through applications, between the user of the **Target Cell Phone** and customers and co-conspirators;

    c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    e. any information recording **WILLIS's** schedule or travel including, but not limited to, location information; and

    f. all bank records, checks, credit card bills, account information, and other financial records.

2.    Evidence of user attribution showing who used or owned the **Target Cell Phone** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may

have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.